UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT
ATLANTA, GEORGIA

_____

CASE NO. 11-13574-AA

_____

PAUL BIRSTER and ANGELA BIRSTER
Plaintiffs-Appellants,

v.

AMERICAN HOME MORTGAGE SERVICING, INC.
Defendant-Appellee

_____

On Appeal from United States District Court for the
Southern District of Florida – West Palm Beach Division
Case No. 10-80735-CIV-DIMITROULEAS

_____

**PAUL BIRSTER and ANGELA BIRSTER'S
REPLY TO APPELLEE'S RESPONSE TO
APPELLANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

_____

Diane J. Zelmer
Florida Bar No. 27251
E-mail: dzelmer@zelmerlaw.com
ZELMER LAW
150 North Federal Highway
Suite 230
Fort Lauderdale, Florida 33301
Telephone: (954) 400-5055
Facsimile: (954) 252-4311
*Counsel for Paul Birster and
Angela Birster*

_____

CASE NO. 11-13574-G

PAUL BIRSTER and ANGELA BIRSTER
v.
AMERICAN HOME MORTGAGE SERVICING, INC.
_____

## **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Akerman Senterfitt, LLP

American Home Mortgage Servicing, Inc. (AHMIQ)

Ben-Ezra & Katz, P.A.

Angela Birster

Paul Birster

Choung Dam

The Honorable William Peter Dimitrouleas

The Certificate Holders of Asset Securities Corporation Home Equity Loan

   Trust, Series 2006-HE5

Katherine E. Giddings

William P. Heller

Henry W. Hicks

Henry W. Hicks, P.A.

C-1

_____

CASE NO. 11-13574-G

PAUL BIRSTER and ANGELA BIRSTER
v.
AMERICAN HOME MORTGAGE SERVICING, INC.
_____

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CONTINUED)**

The Honorable John J. Hoy

The Honorable Janis Brustares Keyser

Adam J. Knight

Kimberly A. Leary

Eric Shaun Matthew

Jonathan Meisels

Option One Mortgage Corporation

Robertson, Anschutz & Schneid PL

Jennifer N. Ross

Sand Canyon Corporation

The Honorable Meenu Sasser

Lawrence Dean Silverman

Magistrate Judge Lurana S. Snow

_____

CASE NO. 11-13574-G

PAUL BIRSTER and ANGELA BIRSTER
v.
AMERICAN HOME MORTGAGE SERVICING, INC.
_____

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CONTINUED)**

Jeffrey A. Trinz

Nancy M. Wallace

U.S. Bancorp (USB)

U.S. Bank, National Association

Diane J. Zelmer

Zelmer Law

## PAUL BIRSTER and ANGELA BIRSTER'S
## REPLY TO APPELLEE'S RESPONSE TO
## APPELLANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Appellants, PAUL BIRSTER AND ANGELA BIRSTER (the "BIRSTERS"), reply to Appellee, AMERICAN HOME MORTGAGE SERVICING, INC.'s ("AHMSI") Response to the BIRSTERS Motion for Attorneys' Fees and Costs, and as grounds therefore states as follows:

In its Reply, AHMSI does not dispute that the BIRSTERS prevailed on the merits in this appeal. Further, this Court has already taxed costs against AHMSI and in favor of the BIRSTERS under Fed.R.App.P. 39. Likewise, this Court should consistently award the BIRSTERS' attorneys' fees for this appeal.

AHMSI erroneously argues that this Court is not allowed to award attorneys' fees and costs because the BIRSTERS have not secured a favorable judgment. As this Circuit has held:

> "It is long established in this circuit that this court **has the discretion to award attorney's fees and costs for the work expended before it.**" Mills by Mills v. Freeman, 118 F.3d 727, 734 (11th Cir.1997) (per curiam). "[A] district court is 'not authorized, by local rule or otherwise, to control the filing time or assessment of attorney's fees for services rendered on appeal.' If a party wishes to obtain fees on appeal, he or she must file a petition with the clerk of this circuit within fourteen days of the issuance of the opinion of this court." Id. (quoting Davidson v. City of Avon Park, 848 F.2d 172, 173 (11th Cir.1985).

Common Cause/Georgia v. Billups, 554 F.3d 1340, 1357 (11th Cir. 2009)(e.s.).

Although, 11th Cir. R. 39–2(e)[1] grants the BIRSTERS the **option** to request the award of fees from the district court at a later point in the litigation, the BIRSTERS nevertheless, are entitled to pursue an award of fees within the jurisdiction of this Court.  Thus, 11th Cir. R. 39-2(e) supports the BIRSTERS entitlement to an award of fees even though the case has not been fully adjudicated.  To hold otherwise, would disregard the entire purpose of 11th Cir. R. 39-2(e), and rewrite 11th Cir. R. 39-2(e) to require filing a motion for fees and costs in the district court after final adjudication.

AHMSI's reliance on Johnson v. Eaton, 80 F.3d 148 (5th Cir. 1996) and Thornton v. Wolpoff & Abramson, LLP, 312 Fed. Appx. 161 (11th Cir. 2008) is misplaced.  In Johnson, the district court granted the consumer's motion for partial summary judgment and attorneys' fees at the trial level, and the Fifth Circuit reversed the trial fees holding that attorneys' fees are not recoverable for a mere technical violation of the FDCPA where there are no damages.  Johnson is not binding on this Court, and this Circuit disagreed with Johnson in Thornton v. Wolpoff & Abramson, LLP, 312 Fed. Appx. 161 (11th Cir. 2008) by awarding fees for a nominal judgment.

---

[1] *Remand for Further Proceedings*. When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), **a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court** upon disposition of the matter on remand.  11th Cir. R. 39–2(e)(e.s.).

2

Moreover, in the vast number of Circuits, Johnson, relied on by AHMSI, is the exception, not the rule.[2]

The bottom line is that the BIRSTERS are not requesting this Court to award fees for time expended at the trial level, but rather for a successful appeal, and AHMSI has cited no case where the appellate court denied appellate fees in an FDCPA action that was remanded to district court after reversal of a summary judgment entered in favor of a defendant. In fact, neither Johnson nor Thornton consider the issue of

---

2 The Second Circuit has also held that the award of attorney's fees to a successful plaintiff in an FDCPA action is **mandatory**. See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir.1989); Emanuel v. American Credit Exch., 870 F.2d 805, 809 (2d Cir.1989). In addition, the Fourth and the Third Circuits have held that an award of attorney's fees under the FDCPA is **mandatory** in the absence of bad faith conduct on the part of the plaintiff. See Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628-29 (4th Cir.1995); Graziano v. Harrison, 950 F.2d 107, 114 & n. 13 (3d Cir.1991). It is also worth noting that the First Circuit has held that the award of attorney's fees to a successful plaintiff in an action under the Truth in Lending Act ("TILA") is **mandatory**. The language of the attorney's fees provision in TILA is identical to the parallel provision in the FDCPA. See de Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 233-34 (1st Cir.1990). But see Johnson v. Eaton, 80 F.3d 148, 151-52 (5th Cir.1996) (holding that district court's decision to award no attorney's fees to plaintiff who prevailed in FDCPA action was proper where plaintiff proved only a technical violation of the Act). In Mace, 109 F.3d at 344 n. 3, we specifically declined to reconsider our holding in Tolentino and noted our agreement with the Second Circuit.

Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1166-67 n.3 (7th Cir. 1997)(e.s.).

*appellate* fees.  Accordingly, there is not binding decision and **this Circuit retains the discretion to award fees and costs for this appeal consistent with the purpose of Local Rule 11th Cir. R. 39-2(e)**.

Further, the award of fees after successful reversal of a summary judgment fulfills the purpose of the FDCPA, which is to combat abundant abusive, deceptive and unfair debt collection practices that contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).  Congress has required the award of attorney's fees to encourage vindication of FDCPA rights and effect broad compliance with the Act by private rather than governmental action.  See Hayer v. National Bank of Alaska, 619 P.2d 474 (AK 1980)(relating to the Truth in Lending statute).  As the Fifth Circuit stated:

> The Congressional goals underlying the [FDCPA] include the creation of a system **of private attorneys general to aid in effective enforcement of the Act**. Sosa v. Fite, 498 F.2d 114, 121 (5th Cir. 1974); Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740, 748 (5th Cir. 1973). The reduction of an award of attorney's fees from the amount sought solely because the plaintiff was successful on only one of the several charges would be inconsistent with the Congressional policy of implementing enforcement of the [FDCPA]. See Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975)
> . . . .
> Since plaintiff prevailed on this appeal, the district court should also award additional attorney's fees to compensate him for this service. Sosa v. Fite, supra.

McGowan v. Credit Center of North Jackson, Inc., 546 F.2d 73 (5th Cir.

4

1977)(e.s.)(relating to Truth in Lending statute).

Likewise, here, appellate attorneys' fees must be taken into account in serving the purpose of the FDCPA. To hold otherwise, would prevent claimants from pursuing the matter on appeal where a judgment is erroneously entered against it. This case is currently on remand, and the district court has once again invited motions for summary judgment, which if granted, will likely be on appeal again before this Circuit, and the BIRSTERS will be involved in this litigation for years before final adjudication.

Last, under the circumstances of this case, this Court should consider whether appellate fees are appropriate prior to final adjudication in light of the degree of success of the appeal, including the significance of the legal issues and the public purpose served by the litigation, as follows:

> In determining the degree of "success" a plaintiff has obtained, this court has utilized a three-part test gleaned from Justice O'Connor's concurrence in Farrar, 506 U.S. at 121-22, 113 S.Ct. at 578. Under this test, "we look at the difference between the judgment recovered and the recovery sought, **the significance of the legal issues on which the plaintiff prevailed and, finally, the public purpose served by the litigation**." Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir.1993).

Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1166-67 n.5 (7th Cir. 1997)(e.s.). Here, the BIRSTRES were successful in prevailing on very significant legal issues, and the public purpose of the litigation was served. The Consumer Protection of the Financial Bureau filed an Amicus Curiae Brief, and appeared for oral

5

argument, arguing in favor of the BIRSTERS' position on appeal. As this Court stated in its opinion:

> The <u>Reese</u> opinion notes the rule that the law firm asked us to adopt—the same rule AHMSI is asking us to adopt here—"would exempt from the provisions of § 1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt." Id. at 11. We noted that proposed rule would create a big loophole in the FDCPA: "The practical result would be that the [FDCPA] would apply only to efforts to collect unsecured debts." Id. at 12.

<u>Birster v. Am. Home Mortg. Servicing, Inc.</u>, 11-13574, 2012 WL 2913786 *3 (11th Cir. July 18, 2012).

In <u>Reese</u>, this Court stated:

> The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. **That can't be right. It isn't.**

<u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211, 1218 (11th Cir. 2012)(e.s.).

AHMSI made a unilateral strategical decision to bring this issue by summary judgment to the district court – in an attempt to completely eliminate its responsibility to comply with the FDCPA. AHMSI continued to contest the BIRSTERS' position on appeal, which if successful, would have eliminated not only liability against the BIRSTERS, but against multiple litigants in which it held a security interest as well as a debt. The BIRSTERS should not have to bear the expense of litigation for AHMSI's

strategical choices, which have already delayed the BIRSTERS from adjudication and significantly increased the costs of this litigation. If defendants wish to avoid fees for multiple appeals, they are free to determine which issues they raise in summary judgment motions, and argue before the appellate court.

In sum, the BIRSTERS are entitled to recovery of fees under the express language of 11th Cir. R. 39-2(e) even though this matter has not been fully adjudicated. The award of fees after a successful appeal serves the purpose of the FDCPA by taking into account the creation of a system of private attorneys, including for fees incurred on appeal. The BIRSTERS successfully litigated a significant legal issue, in which the Consumer Protection of the Financial Bureau filed an amicus curiae brief, and served a public purpose by supporting claimants rights under the FDCPA in this appeal. Accordingly, under the specific circumstances of this case, the only way to further the goals of the FDCPA -- as well as encourage settlement between the parties at an early point in litigation[3] -- is to grant the award of fees incurred on appeal.

---

3 Utilizing the same procedure, the district court **shall also award McGowan fees for the work of his attorney in prosecuting this appeal and for the proceedings in the district court on remand**. Cf. Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740, 748 (5th Cir. 1973) (attorney's fee for appeal on the merits of a Truth in Lending Act violation). At this stage in the case;
> we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees. Although a settlement generally leaves

WHEREFORE, the BIRSTERS request the Court to award the BIRSTERS entitlement to recovery of attorneys' fees in amount of $46,150.00, and costs incurred in the amount of $796.11, for a total of **$46,946.11**, and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

 **/s/ Diane J. Zelmer, P.A.**
Diane J. Zelmer
Florida Bar No. 27251
E-mail: dzelmer@zelmerlaw.com
ZELMER LAW
150 North Federal Highway
Suite 230
Fort Lauderdale, Florida 33301
Telephone: (954) 400-5055
Facsimile: (954) 252-4311
*Counsel for Appellants, Paul and Angela Birster*

---

every litigant partially dissatisfied, **so does a judicial award for attorney's fees**. McGowan v. King, Inc., 616 F.2d 745, 747 (5th Cir. 1980)(e.s.)(quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d at 720).

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct original plus three (3) copies of the Motion was filed electronically via CM/ECF and furnished via U.S Mail to John Ley, Clerk of the United States Court of Appeals for the Eleventh Circuit, 56 Forsyth Street, N.W., Atlanta, GA  30303 and a true and correct copy was furnished via CM/ECF and U.S. Mail to:  Nancy M. Wallace (nancy.wallace@akerman.com), AKERMAN SENTERFITT, LLP, 106 E. College Avenue, Suite 1200, Tallahassee, FL  32301; Jeffrey A. Trinz (jeffrey.trinz@akerman.com), Eric S. Matthew (eric.matthew@akerman.com), AKERMAN SENTERFITT, LLP, One SE Third Avenue, 25th Floor, Miami, FL  33131, William P. Heller (william.heller@akerman.com), AKERMAN SENTERFITT, LLP, Las Olas Centre II, 350 East Las Olas Blvd., Suite 1600, Fort Lauderdale, Florida  33301, this 14th day of September, 2012.

                                          **/s/ Diane J. Zelmer, P.A.**
Diane J. Zelmer
Florida Bar No. 27251
E-mail: dzelmer@zelmerlaw.com
ZELMER LAW
150 North Federal Highway
Suite 230
Fort Lauderdale, Florida 33301
Telephone: (954) 400-5055
Facsimile: (954) 252-4311
*Counsel for Appellants, Paul and Angela Birster*